[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12716
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-00711-MHS

SHERYL STOREY HAMMONDS,

Plaintiff-Appellant,

versus

FULTON COUNTY, et al.,

Defendants,

SHERIFF THEODORE JACKSON,
in his official capacity as the Fulton County Sheriff,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 4, 2016)

Before WILSON, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Sheryl Storey Hammonds, a former deputy of the Fulton County Sheriff's Office, appeals the summary judgment in favor of Sheriff Theodore Jackson and against her amended complaint about retaliation for engaging in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). The district court ruled that Hammonds failed to establish that employees of the Sheriff twice denied her requests to obtain additional employment, denied her applications for leave under the Family and Medical Leave Act, and transferred her to the jail to retaliate for a statement she gave in an investigation about potential discrimination by Officer Charlene Heard. Alternatively, the district court ruled that Hammonds failed to prove that the legitimate reasons provided for the employment decisions were pretexts for retaliation. We affirm.

We review a summary judgment *de novo* and view the evidence in the light most favorable to the nonmovant. *Brown v. Alabama Dep't of Transp.*, 597 F.3d 1160, 1173 (11th Cir. 2010). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Mere conclusions and factual allegations unsupported by evidence are insufficient to survive a

2

motion for summary judgment. *Ellis v. England*, 432 F.3d 1321, 1326–27 (11th Cir. 2005).

Hammonds failed to establish a causal connection between any adverse employment action and her protected activity. *See Brown*, 597 F.3d at 1182. Although Heard denied Hammonds's first request for additional employment in January 2011 and arguably contributed to the denial of Hammonds's second request in February 2011, those actions were too remote to Hammonds's protected activity in the summer of 2009 to establish causation based on temporal proximity. *See Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007). With respect to the denial of Hammonds's requests for leave, the undisputed evidence established that Colonel Jimmy Butts was the ultimate decisionmaker and he was unaware of Hammonds's statement about Heard, which eliminated any potential motive for retaliation. *See Brungart v. BellSouth Telecomms., Inc.*, 231 F.3d 791, 799 (11th Cir. 2000). And Sheriff Jackson testified, without dispute, that he did not know of Hammonds's protected activity and that he transferred her to the jail to satisfy a court decree that required him to staff the facility with more supervisors. *See id.* Hammonds alleged that Heard attended staffing meetings and could have recommended the transfer, but Hammonds failed to provide any evidence, beyond her speculation, that Jackson then served as a "mere conduit, or 'cat's paw' to give

3

effect to [Heard's retaliatory] animus." *See Stimpson v. City of Tuscaloosa*, 186

F.3d 1328, 1332 (11th Cir. 1999).

We **AFFIRM** the summary judgment in favor of Sheriff Jackson.